UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

EVER ALFONSO COLINA TRUJILLO,

*Petitioner,*

v. Case No.: 3:26-cv-2103-JEP-PDB

WARDEN, NORTH FLORIDA
DETENTION FACILITY, et al.,

*Respondents.*
_____________________________________/

**ORDER**

Petitioner, an immigration detainee, who is currently detained by U.S. Immigration and Customs Enforcement ("ICE"), filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241 on August 13, 2026. (*See generally* Doc. 1). He argues that his prolonged detention violates the Fifth Amendment's Due Process Clause as the Supreme Court construed it in *Zadvydas v. Davis*, 533 U.S. 678 (2001).[1] (*See id.* at 2, 6). As relief, he seeks immediate release from ICE custody. (*Id.* at 8).

[1] Although Petitioner does not cite *Zadvydas*, his allegations resemble the language used in *Zadvydas*. Accordingly, this Court construes the petition to assert a *Zadvydas* claim. *See United States v. Ogiekpolor*, 122 F.4th 1296, 1304 (11th Cir. 2024) ("[Courts] liberally construe *pro se* filings.").

The Supreme Court in *Zadvydas* held that indefinite detention of aliens after a final order of removal raises serious constitutional concerns. 533 U.S. at 690–99. Once an order of removal is final, the government may continue to detain an alien only for a reasonable amount of time. *See id.* at 699–701. The reasonableness of the detention is to be measured "primarily in terms of the statute's basic purpose, namely, assuring the alien's presence *at the moment of removal*." *Id.* at 699 (emphasis added). The Supreme Court held that six months is a presumptively reasonable period to detain a removable alien awaiting deportation. *Id.* at 700–01. "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period [from section 1231(a)(1)(A)] plus 90 days thereafter." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).

After that six-month period has passed, if the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 1052 (quoting *Zadvydas*, 533 U.S. at 701). Thus, "in order to state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* If an alien makes these showings, then the burden shifts to the government to rebut the presumption with sufficient

evidence establishing that there is "a significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Notably, *Zadvydas* claims asserted prior to the presumptively reasonable six-month period are deemed unripe and subject to dismissal without prejudice. *See Akinwale*, 287 F.3d at 1052; *see also Ramos Alvarez v. U.S. Immigr. & Customs Enf't*, No. 3:25-cv-1038, 2025 WL 2591830, at *1 (M.D. Fla. Sept. 8, 2025).

The website for the Executive Office for Immigration Review reflects that an immigration judge ordered Petitioner removed on August 12, 2026, and Petitioner did not file an appeal. *See* Automated Case Information, EOIR, *available at* https://acis.eoir.justice.gov/en/ (last visited Oct. 9, 2026). If an alien does not appeal his order of removal, it becomes final either (1) upon waiver of his appeal, or (2) upon expiration of the thirty-day period in which he may file an appeal. 8 C.F.R. § 1241.1(b)–(c); 8 U.S.C. § 1252(b)(1). Here, it is unclear whether Petitioner waived his appeal or simply allowed the appeal period to lapse. (*See generally* Doc. 1). If Petitioner waived his appeal, his removal order would have become final on August 12, 2026, and he would have been in post-removal detention for one day when he filed the Petition. But if he allowed the appeal period to lapse, his removal order would have become final on September 11, 2026—nearly one month *after* he filed the Petition. Either way, Petitioner's *Zadvydas* claim is not ripe and will be dismissed without prejudice.

Insofar as Petitioner complains about the conditions of his confinement, (*see id.* at 7), such claims may be properly raised in a civil rights complaint—not a habeas petition. *See generally Vaz v. Skinner*, 634 F. App'x 778, 781 (11th Cir. 2015) (unpublished but persuasive) ("Petitioner's § 2241 petition is not the appropriate vehicle for raising an inadequate medical care claim, as such a claim challenges the conditions of confinement, not the fact or duration of that confinement. And, in any event, even if Petitioner established a constitutional violation, he would not be entitled to the relief he seeks because release from imprisonment is not an available remedy for a conditions-of-confinement claim." (citations omitted)).

Accordingly, it is **ORDERED**:

1. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED without prejudice**.
2. The Clerk is **DIRECTED** to terminate any motions as moot, enter judgment dismissing the petition without prejudice, and close the file.
3. The Clerk is further **DIRECTED** to send Petitioner a blank § 2241 habeas petition form.

**DONE AND ORDERED** in Jacksonville, Florida on October 9, 2026.

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

c:
Ever Alfonso Colina Trujillo